**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1640

_____

ANTHONY B., through his parents, Thomas B. and Maria B.;
THOMAS B.; MARIA B., adults, individually, and on their own behalf,

Appellants

v.

COLONIAL SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-02403)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2023

_____

Before: MATEY, FREEMAN, and FUENTES, Circuit Judges.

(Filed: July 26, 2023)

_____

OPINION[*]

_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Anthony B. and his parents Thomas B. and Maria B. appeal the denial of tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA") and the Rehabilitation Act of 1973. For the reasons below, we will affirm.

## I.

Anthony's parents twice requested the Colonial School District evaluate Anthony's eligibility for special education. The District first evaluated him in 2015 and concluded he did not have a learning disability and did not require special education. His parents disagreed and enrolled him in AIM Academy, a private school, after an outside evaluator concluded he had special education needs. The District reevaluated Anthony in 2018 at his parents' request. The second report proposed an Individualized Education Program ("IEP") for reading comprehension. Plaintiffs rejected the IEP and re-enrolled Anthony in AIM Academy.

Plaintiffs later filed an administrative complaint against the District, seeking tuition reimbursement under the IDEA, 20 U.S.C. § 1400, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. A hearing officer found the District denied Anthony a Free Appropriate Public Education ("FAPE") as required by the IDEA by failing to identify any learning disability in the first evaluation and by failing to identify a specific learning disability in mathematics calculation in the second evaluation. But the hearing officer found no reliable evidence that Anthony's private school placement was

2

appropriate and so denied tuition reimbursement. The District Court agreed with both administrative findings.[1]

## II.

The IDEA allows courts to grant tuition reimbursement, *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369–70 (1985), but "*only* if a federal court concludes both that the public placement violated IDEA and that the private school placement was proper under the Act," *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15 (1993). *See also* 20 U.S.C. §§ 1412(a)(1)(A), 1412(a)(10)(C)(ii); 34 C.F.R. § 300.148(a)–(c). The burden of persuasion falls on the party seeking relief. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 58 (2005). We review the District Court's factual findings for clear error and its legal conclusions *de novo*. *Mary T. v. Sch. Dist. of Phila.*, 575 F.3d 235, 242 (3d Cir. 2009).

We agree with the District Court that the District's conclusions were flawed and the IEP was inadequate because it did not identify Anthony as having a specific learning disability in mathematics calculation. But that finding alone, as the District Court recognized, does not permit tuition reimbursement. Plaintiffs must also show a proper private placement—one that "provides significant learning and confers meaningful benefit." *Id.* at 242 (quoting *Lauren W. v. DeFlaminis*, 480 F.3d 259, 276 (3d Cir. 2007)). It need not be "perfect," *id.*, but it must provide services allowing the student to "make

---

[1] The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(2) and 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.

3

progress in reaching [his or] her academic, social, and behavioral goals," *Lauren W.*, 480 F.3d at 277.

Plaintiffs did not satisfy that burden. They leaned heavily on testimony from a private evaluator which the hearing officer gave "very little weight." App. 769. Like the District Court, we defer to that assessment because it was uncontradicted by record evidence and the evaluator's lack of credentials and lack of concrete knowledge about AIM Academy's programs provided "legitimate grounds to limit the evidentiary weight" of the testimony.[2] App. 15–16. *See also Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004). Plaintiffs' other evidence similarly fails to explain how AIM Academy addressed Anthony's needs. Although Anthony's progress reports included some evidence of outcomes, the hearing officer concluded that they failed to "give insight into the instruction and services that the student receives." App. 768. As the District Court observed, these reports did not show uniform progress at AIM Academy. And even if they had, "a court should not place conclusive significance on special education classroom scores." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 568 (3d Cir. 2010).

\* \* \*

For these reasons, we will affirm.

---

[2] Contrary to Appellants' contention, the District Court did not require Appellants to present an AIM Academy employee as a witness. As the District Court held, the hearing officer reasonably limited the weight of Appellants' expert's testimony because the expert testified in broad generalities and lacked first-hand knowledge of the programming AIM Academy provided. We agree with the District Court.